IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Ashley D. Smith, )
)
    Plaintiff, )
)
v. ) No.
)
Creditors Interchange Receivable ) 1:09-cv-1055 SEB-TAB
Management, LLC, a Delaware limited )
liability company, )
)
    Defendant. ) <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Ashley D. Smith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.     Plaintiff, Ashley D. Smith ("Smith"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Capital One account.

4. Defendant, Creditors Interchange Receivable Management, LLC, ("CI"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly use the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CI was acting as a debt collector as to the debt it attempted to collect from Ms. Smith.

## FACTUAL ALLEGATIONS

5. When during 2007, Ms. Smith's son was born prematurely with significant health issues, she eventually could not pay her bills, including the debt she owed on her Capital One account – the last payment on which was made around June, 2008. After the Capital One account became delinquent, it was turned over to Defendant CI for collections.

6. Defendant's debt collector, "Mr. Brown", began calling Ms. Smith at the end of February, 2009, at her place of employment to demand that Ms. Smith immediately pay the entire Capital One debt, which then amounted to $889. Ms. Smith demurred that she could not afford to pay the entire amount and asked for a payment plan. Several days later, Ms. Smith also discussed paying the debt with a female debt collector from Defendant CI and told that collector that she could not immediately pay the entire debt

7. Defendant CI's debt collector, Mr. Brown, then called Ms. Smith and demanded that Ms. Smith pay the debt via a post-dated check over the phone for $889, dated for the end of March, 2009. Moreover, Defendant CI's, debt collector, Mr. Brown, also told Ms. Smith that she had to pay the debt because he was going to give the

account to their lawyers, that Defendant CI was getting ready to send out a summons if Ms. Smith did not give it a check, and that Defendant CI would put a lien on Ms. Smith's vehicle and house. Scared that she was going to be sued and would lose her car and home, Ms. Smith gave Defendant CI a post-dated check – a check for which she did not have the funds, which fact she made abundantly clear to the collector.

8. On the advice of her bank, Ms. Smith closed her bank account to avoid having the post-dated check cause her account to be overdrawn. Moreover, shortly thereafter, Ms. Smith called Defendant CI to complain about Mr. Brown's threats. Ms. Smith spoke with a manager at Defendant CI, "Mr. Proctor", who told Ms. Smith that "she had a lot of nerve" calling to complain about an employee when she had bounced a check, but that he "would give her an "A for effort". Mr. Proctor also told Ms. Smith that she could "go to jail for fraud".

9. Thereafter, during June, 2009, Defendant CI's debt collector, "Sheila Jeffries", began handling the account and she called Ms. Smith's home and spoke with Ms. Smith's boyfriend, Shelby Wagner. Ms. Jeffries told Mr. Wagner that Ms. Smith had bounced a check and she could go to jail. Frightened by the threat of going to jail, Ms. Smith made a payment of $25 to Defendant CI.

10. Defendant CI's debt collector, Ms. Jeffries, thereafter agreed to settle Ms. Smith's account for 50% of the balance, however, she refused to put this settlement offer in writing.

11. On July 14, 2009, Ms. Smith spoke with Defendant's debt collector, Ms. Jeffries, and informed her that she was going to consult an attorney about Defendant

3

CI's collection actions. Ms. Jeffries told Ms. Smith that an attorney "could not do anything for her because there was nothing in writing.

12. On July 21, 2009, Ms. Smith's attorney called Defendant CI's debt collector, Ms. Jeffries, to inform Defendant that he represented Ms. Smith. Ms. Smith's attorney confirmed his representation via a facsimile letter on July 24, 2009. A copy of this letter and the fax confirmation are attached as Exhibit A.

13. Undeterred, Defendant's debt collector, Ms. Jeffries called Ms. Smith's home on July 28, 2009, and spoke at length with Ms. Smith's boyfriend about the debt. Ms. Smith's attorney immediately confirmed and protested against this illegal conduct via a facsimile letter that same day. A copy of this letter and the fax confirmation are attached as Exhibit B.

14. All of the collection actions at issue occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(b) Of The FDCPA --
### Discussing Plaintiff's Debt With A third Party

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer. Defendant, by twice discussing the debt with Ms. Smith's boyfriend, without Ms. Smith's permission, violated § 1692c(b) of the FDCPA.

4

18. Defendant's violation of § 1692c(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.4

### COUNT II
### Violation Of § 1692d(2) Of The FDCPA - Harassing And Abusive Telephone Calls

19. Plaintiff adopts and realleges ¶¶ 1-15.

20. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "the use of ... language, the natural consequence of which is to abuse the hearer . . . ", see 15 U.S.C. § 1692d(2).

21. Defendant engaged in conduct, the natural consequences of which was harassing, oppressive and abusive, in violation of § 1692d(2) of the FDCPA, by threatening to refer the account to a lawyer, threatening to file a lawsuit, threatening to put a lien on Ms. Smith's vehicle and house, threatening that Ms. Smith could go to jail – none of which was true, nor likely to occur -- and by discussing the debt with Ms. Smith's boyfriend.

22. Defendant's violation of § 1692d(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692e Of The FDCPA -- False Statements

23. Plaintiff adopts and realleges ¶¶ 1-15.

5

24. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by making numerous false statements to Plaintiff, including, but not limited to: stating that Ms. Smith needed to write a post-dated check or Defendant would file a lawsuit against Ms. Smith, stating that Defendant would put a lien on Ms. Smith's vehicle and house, and stating that Ms. Smith had committed fraud or could go to jail for her actions.

25. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

26. Plaintiff adopts and realleges ¶¶ 1-15.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

28. Defendant CI knew that Ms. Smith was represented by counsel in connection with this debt because her attorney had informed Defendant, in writing (Exhibit A), that she was represented by counsel. By directly calling Ms. Smith's home, despite being advised that she was represented by counsel, Defendant CI violated § 1692c(a)(2) of the FDCPA.

29. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ashley D. Smith, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Smith, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ashley D. Smith, demands trial by jury.

Ashley D. Smith
By: _____
One of Plaintiff's Attorneys

Dated: August 26, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive, Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com